O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-01235 AHM (AGRx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | CHRISTOPHER RODRIGUEZ v. GMAC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On December 18, 2009, Christopher Rodriguez filed a Complaint in Los Angeles Superior Court against Defendant GMAC.  On February 18, 2010, GMAC timely removed the case to this Court.

On April 15, 2010, the Court granted GMAC's motion to dismiss.   Plaintiff failed to file an opposition to the motion or appear at the hearing.   Additionally, the Court found the motion to be meritorious.  In its April 15, 2010 Order, the Court stated, "Plaintiff must file any amended complaint by not later than April 29, 2010.  Failure to do so will be construed as consent to dismissal of the case in its entirety."  Plaintiff has failed to file an amended complaint or take any other action in this case.  Additionally, Plaintiff failed to show up for the May 3, 2010 scheduling conference, which the Court kept on calendar to provide Plaintiff an opportunity to appear.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissal of actions for failure to diligently prosecute.  *Link v. Wabash R. R. Co.*, 370 U.S. 626, 629-30 (1962); *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).  Plaintiff's failure to oppose the motion to dismiss, appear at the hearing, or file an amended complaint demonstrates his failure to diligently prosecute this action.  This Court, in determining to dismiss the case due to the petitioner's failure to diligently prosecute, has weighed the following relevant factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Ferdik v. Bonzelet*, 963

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01235 AHM (AGRx) | Date | May 4, 2010 |
|---|---|---|---|
| Title | CHRISTOPHER RODRIGUEZ v. GMAC | | |

F.2d 1258, 1260-61 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of the dismissal of the action. This Court has ordered plaintiff to file an amended complaint, but plaintiff has failed to do so. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) ("Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default." (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal. *Hernandez*, 138 F.3d at 400-01. However, the fourth factor, the public policy favoring disposition of cases on their merits would weigh against dismissing the case. Finally, with regard to the fifth factor, this Court provided the plaintiff an opportunity to amend his complaint and to appear at the scheduling conference, but he failed to do so. *See Ferdik*, 963 F.2d at 1262 ("the fact that the district court allowed [plaintiff] and additional thirty days in which to amend his complaint. . .constituted an attempt at a less drastic sanction to that of outright dismissal"). Moreover, this Court warned plaintiff that the failure to file an amended complaint could lead to the dismissal of this action. *See id.* ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). As these less severe alternatives have proven ineffective, dismissal is appropriate. *Id.*

_____ : _____

Initials of Preparer                    SMO

**JS-6**